IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, #1729344 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-134 |
| | § | |
| OFFICER CLEMENTE GARCIA III | § | |
| and SGT. CHAPMAN | § | |

### O R D E R

On April 21, 2014, Plaintiff, Thomas Florence, pursuant to this Court's Order dated April 11, 2014, filed his objection to Allen C. Isbell's "Motion to Quash and/or Request for Protective Order."  The gist of the underlying argument made by Florence in his objection is that Isbell's answers will assist him in proving that the complaint filed against him was fatally defective, that the issuance of the arrest warrant against him was invalid and that his ultimate conviction is void.  But this argument is irrelevant to his pending civil case.  The validity of Florences' conviction is not at issue; the only remaining claim is his assertion that Defendant Garcia used excessive force against him at the time of his arrest.

As pointed out by the District Court, the Supreme Court decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), bars a civil action for damages if Plaintiff, in order to win, must prove his conviction was invalid, **unless** Plaintiff first has the conviction vacated. Florence' conviction has not been set aside, therefore, he may not challenge the validity of the charging documents or his conviction in this case.  Since Florence cannot litigate these issues, the discovery he seeks from Isbell is irrelevant and would be inadmissible at his trial.

It is, therefore, **ORDERED** that the "Motion to Quash and/or Request for Protective Order" (Instrument no. 120) of Allen C. Isbell is **GRANTED** and the deposition by written questions served upon him by Plaintiff, Thomas Florence, is **QUASHED**.

**DONE** at Galveston, Texas, this <u>    23rd       </u> day of April, 2014.

John R. Froeschner
United States Magistrate Judge