IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |  |
|---|---|---|
| THOMAS FLORENCE, #1729344 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-134 |
| | § | |
| OFFICER CLEMENTE GARCIA III | § | |
| and SGT. CHAPMAN | § | |

## DISCOVERY MANAGEMENT PLAN

Plaintiff, Thomas Florence, has made numerous efforts to serve subpoenas *decus tecum* for the production of records and to take depositions by written questions of non-party witnesses and he has met with continued frustration. Since this Court has on obligation to assist any litigant appearing before it to receive a fair and meaningful opportunity to present his case, the Court issues this instructive Discovery Management Plan for Florence's benefit.

Every subpoena, whether for the production of documents or for depositions by written questions, must be personally served upon the individual named or its authorized agent by a proper officer. It is Florence's responsibility to find an officer to serve his subpoenas. While a subpoena may be served by any responsible person who is a non-party and over the age of 18, if the subpoenaed party is requested to authenticate documents by affidavit or respond to questions under oath, the officer serving the subpoena should be a notary or a notarized court reporter whose fees, if any, must be paid by Florence. Each subpoena must also be accompanied by the statutory $40.00 witness fee and any estimated mileage expenses provided by Florence. In re Dennis, 330 F.3d 696, 704 (5th Cir. 2003)

("Proper service requires not only personal delivery of the subpoena" but also tender of the witness fee and mileage cost.); Boze Memorial, Inc. v. Travelers Lloyd Insurance Co., 2013 WL 5299278 (N.D. Tex., September 20, 2013) (citing, Dennis); Doe v. Catholic Society of Religious and Literary Education, 2009 WL 4506560 (S.D. Tex, December 3, 2009) (Service by certified mail held insufficient personal delivery under Rule 45(b)(1))  If Florence wins his lawsuit, he may be allowed to recover those costs from the Defendants.  Martin v. Howard University, 209 F.R.D. 20 (D.C. D.C. 2002)

Once a subpoena is issued for service upon a person to be deposed by written questions, it must be accompanied by a notice identifying the person and the officer taking the depositions and copies of the questions to be asked.  The officer then serves the subpoena.  The notice must be sent to opposing parties who have 14 days to serve cross questions on the deponent.  Florence then has 7 days to serve redirect questions on the deponent.  The officer then proceeds to take the deposition; the witness is sworn, the questions are read, the answers are taken down, the witness is paid and the written transcript is prepared.  See FRCP 32  Again, Florence is responsible for the $40.00 witness fee, mileage costs, if any, and the court reporter's fees.  Given the history of these proceedings, especially the prior dismissal of all Florence's claims except the pending use of force claims, the Court **WILL**, *sua sponte*, initially screen Florence's subpoena requests to determine whether they will be issued.  Cf. Simmons v. Champagne, 2001 WL 1397315 (E.D. La., November 7, 2001)  Issuance of

a subpoena allowed by the Court will not bar the filing of objections by the witness or deponent under Rule 45(c).

Pursuant to Rule 30(a)(2), Florence must obtain leave of court to take any more than 10 depositions.

Because Florence is incarcerated and acting pro se, the Clerk **WILL** provide Florence with Subpoena forms at his request. Florence may return the completed forms together with the required witness fees and mileage costs, if any, in the form of a money order, cashier's check, or other negotiable instrument made payable to the witness or deponent. Florence **SHALL** also provide the identification of the officer who will serve the subpoena or conduct the deposition. If the Court authorizes service of the subpoena, the Clerk will issue the subpoena, Smith Bey v. Gibson, 2007 WL 778626 (D. Colo., March 9, 2007), attach the witness fees and verify the officer's identity when the subpoenas are picked up at the Clerk's Office for service.

**DONE** at Galveston, Texas, this _____2nd_____ day of July, 2014.

John R. Froeschner
United States Magistrate Judge