IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, #1729344 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-134 |
| | § | |
| OFFICER CLEMENTE GARCIA III | § | |
| and SGT. CHAPMAN | § | |

## OPINION AND ORDER

On June 30, 2014, Plaintiff, Thomas Florence, filed a "Rule 60(b) Motion" in an effort to set aside a ruling by Judge Costa dismissing, *inter alia*, his false arrest claim. Rule 60(b) has no application at this juncture because no final judgment has been entered in this cause. Therefore, Florence's Motion must be considered under Rule 54(b) which provides that a non-final order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Cf. Interstate Power v. Kansas City Power, 992 F.2d 804, 807 (8th Cir. 1993)

Through the instant Motion and a plethora of similar filings, Florence continues to try to resurrect his false arrest claim. The gist of the claim is that Defendant Garcia conspired with other now-dismissed Defendants to arrest him on the basis of a null and void "camouflage" blue warrant. He, therefore, asserts his arrest was without probable cause.

All of the arguments and relevant documents Florence continues to rely upon were before Judge Costa when, on November 18, 2013, he dismissed as frivolous Florence's conspiracy claim which included the alleged overt act that the Defendants "turned a blind eye

to the 'fatally defective' arrest warrant and imprisoned him unlawfully." Florence may feel Judge Costa was wrong to rely on Heck v. Humphrey, to dismiss this claim, but this Court does not and it has no intention of setting Judge Costa's Order aside.

Moreover, even if Heck had not specifically barred the false arrest claim, it barred the other claims listed by Judge Costa and, in the absence of the conspiracy claim, it is clear that the arresting officers would be protected from liability for the false arrest claim by qualified immunity.  Regardless of the Defendant's personal motive in making an arrest, Whren v. United States, 517 U.S. 806, 812-13 (2001), probable cause exists where the reasonable conclusion to be drawn from the facts known to the arresting officer is that a valid warrant exists for the plaintiff's arrest.  Cf.  United States v. Roper, 792 F.2d 984, 989 (11th Cir. 1983) (Probable cause exists where officer learns of a probation violation arrest warrant's existence via radio transmission; citing, United States v. McDonald, 606 F.2d 552 (5th Cir. 1979))  Qualified immunity would exist even if the transmission later proved to be mistaken. Cf.  Duckett v. City of Cedar Park, Texas, 950 F.2d 272, 280 (5th Cir. 1992)

It is, therefore, **ORDERED** that Florence's "Rule 60(b) Motion" (Instrument no. 199) is **DENIED**.

**DONE** at Galveston, Texas, this _____3rd_____ day of July, 2014.

_John R. Froeschner_
John R. Froeschner
United States Magistrate Judge

2