IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| THOMAS FLORENCE, #1729344 | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-134 |
| | § | |
| OFFICER CLEMENTE GARCIA III | § | |
| and SGT. CHAPMAN | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendants, Archie Chapman and Clemente Garcia, III; the Motion seeks the dismissal of the last remaining claims of Plaintiff, Thomas Florence. Also before the Court are Florence's "Motion for Summary Judgment" and "Cross Motion for Summary Judgment." Accordingly, the Court now issues this Opinion and Order.

## RELEVANT FACTS

On March 27, 2010, under the belief that an active warrant existed for Florence's arrest, Defendant Garcia and another Galveston police officer, Alnasir Mohammud, set up surveillance in an unmarked vehicle near Florence's residence. During their surveillance, Garcia received a call from Florence's wife informing him that Florence had called a friend to come pick him up and that Florence would be wearing a wig to disguise himself when he left the house to get in his friend's car. Shortly after the call the officers saw a maroon Kia vehicle arrive and Florence, who was wearing a wig, exit his home and get

into the passenger side of the car. When the Kia drove away, the officers followed it and while in pursuit called Defendant, Sergeant Archie Chapman, who was on patrol in a marked police car, and told him to execute a stop of the Kia for traffic violations they claimed to have witnessed.

Chapman then began to follow the Kia. He activated his emergency lights and his video recorder, but the Kia did not stop. Instead, after a short time, Florence jumped from the Kia and ran into the front yard of a residence. Chapman steered his car towards the fleeing Florence. After a few steps, Florence slipped and fell to the ground. As he was getting up Chapman's car jumped the curb and drove into the front yard toward Florence. The front headlight area of the patrol car struck Florence in the right elbow and side, but Florence continued to flee. Chapman then discharged his taser in an attempt to stop him. The taser dart missed Florence, but after hearing the discharge, Florence stopped and dropped to the ground. Chapman then handcuffed Florence without any resistance. While Florence was still lying face down on the ground, Garcia and Mohammud came over. Garcia looked down at Florence and said "Remember me, mother fucker." As Florence lifted his head a few inches to look toward Garcia, Garcia "kneed" him in the right side of the face. Garcia's knee caused a cut just above Florence's right eye. Florence was then taken to the Galveston County Jail.

On March 3, 2011, Florence sued a host of people alleging various claims, including a claim for the use of excessive force by Garcia and Chapman at the scene of his arrest. On November 18, 2013, then District Judge Gregg Costa dismissed all of Florence's claims except the use of force claims against Garcia and Chapman. Garcia and Chapman now seek summary judgment as to those remaining claims.

The Court will not recite the well-known summary judgment standard except to note that the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); the Court may not make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. Dibidale of La., Inc. v. American Bank & Trust Co., 916 F.2d 300, 307-08 (5th Cir. 1990)

Citing Scott v. Harris, 550 U.S. 372 (2007), the Defendants argue that the video recording shows to an undeniable certainty that it was Florence who ran into the police car and that Chapman, obviously, had no intent to run the car into him. Having now viewed the video a number of times, this Court disagrees. After Florence slipped and fell, he got up and continued to flee. It also appears that the car jumped the curb and was steered toward his path. Whether Chapman simply intended to block Florence's way cannot be determined, but it appears that Florence was struck by the front of the car within seconds after it was driven across the front lawn. It also appears that Florence was not struck in

the face or the head by the car. Consequently, whether Chapman intended to hit Florence with the car presents a question of fact.

After being hit by the car, the remainder of Florence's apprehension is not depicted on the video recording. According, whether Garcia maliciously kneed Florence in the face cannot be conclusively determined; therefore, it presents a swearing match between Florence and the officers present at the scene, a quintessential fact question.

Because Chapman's intent and actions are unclear, the Court cannot excuse the striking of Florence with the police car as an "unfortunate result(s) of the use of necessary force" or an objectively reasonable method of perfecting an apprehension.

Insofar as Garcia argues that his medical evidence proves to a certainty that Garcia's alleged "kneeing" of Florence could not have caused his eye injury, the Court is unable to concur. However questionable Florence's allegations may seem to the Defendants, the Court believes the issue presents a fact question.

Having determined that genuine issues of material fact exist, the Court is precluded from granting the Defendants' Motion for Summary Judgment (Instrument no. 253) and it is, therefore, **DENIED**.

**PLAINTIFF'S CROSS MOTIONS FOR SUMMARY JUDGMENT**

As to Florence's Motion, the Court will not address any claims urged by Florence that have previously been dismissed. Turning to the use of force claims, the Court is now compelled to accept the Defendants' factual allegations as true. By doing so, there is a

genuine issue of material fact as to whether hitting Florence with the car was an accident, in which case there can be no liability. Brower v. City of Inyo, 489 U.S. 593, 596-97 (1989)  There is also a question of material fact as to whether the alleged kneeing by Garcia ever happened at all. These fact issues preclude granting Florence's Motions (Instrument no. 271 and 275) and they, likewise, are **DENIED**.

**DONE** at Galveston, Texas, this \_\_\_\_\_30th\_\_\_\_\_ day of December, 2014.

_____
John R. Froeschner
United States Magistrate Judge